**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT A. BRUNIG, individually and doing Business as Brunig & Associates | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 4-07-CV-1644 |
| JOHN S. CLARK, individually and as trustee of the John S. and Loretta J. Clark Trust; JOHN S. AND LORETTA J. CLARK TRUST; CLARK PETROLEUM & LAND, INC., a Texas Corporation; BARBARA R. LIEDTKE; and JOHN DOE, | § § § § § § | |
| Defendants | § | |

**DEFENDANTS JOHN S. CLARK, JOHN S. AND LORETTA J. CLARK TRUST, CLARK PETROLEUM & LAND, INC. AND BARBARA R. LIEDTKE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

TO THE HONORABLE JUDGE SIM LAKE:

NOW COMES Defendants John S. Clark, John S. and Loretta J. Clark Trust, Clark Petroleum & Land, Inc. and Barbara R. Liedtke, (hereinafter referred to as "Defendants") and files this Answer[1], Affirmative Defenses and Counterclaims to Plaintiff's Complaint, and in support thereof, would show unto this Honorable Court the following:

JURISDICTION AND VENUE

This Court lacks jurisdiction and venue as this is a suit brought as a result of an

---

[1] Defendants do not waive their Motion to Dismiss by filing this Answer, and file this Answer subject to that Motion.

attempt to recover disputed attorney fees arising out of a fee agreement which states:

"This agreement is made as of this _____ day of March, 2004, in Dallas County, Texas by and between John S. Clark, individually and as trustee of the John S. and Loretta J. Clark Trust ("Client") and Robert A. Brunig, individually and doing business as Brunig & Associates ("Attorney").

As the agreement was drafted by Plaintiff, and establishes the place of origin as Dallas County, Texas, this Court lacks venue to hear this matter, and must either dismiss or transfer this matter to the Northern District, Dallas Division for the State of Texas.

1.      Defendants understand that Brunig is licensed to practice law in the State of Texas, before the Southern District of Texas, does business as Brunig & Associates, resides and does business at 918 Stratford Drive, Southlake, Texas.  The remaining pleadings in paragraph 1 are immaterial and should be struck.

2.      John S. Clark ("Clark") does reside as stated, and does act as sole Trustee of the John S. and Loretta J. Clark Trust, ("Trust") and is the sole current beneficiary of the Trust as Loretta J. Clark is deceased.

3.      Defendants admit the averments contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit the averments contained in Paragraph 4 of Plaintiff's Complaint.

5.      Barbara J. Liedtke, ("Liedtke") denies that she resides at 5369 Country Heights Drive, Colorado Springs, Colorado.  Liedtke can neither admit nor deny that she is a director of CPLI, and denies that she was or is a beneficiary of the Trust, but acknowledges that at some time in the future she may become a beneficiary.

6.      Defendants have no factual information to admit or deny the averments

contained in Paragraph 6 of Plaintiff's Complaint, but deny that Clark and/or Clark Petroleum & Land, Inc. ("CPLU") conspired with anyone concerning the alleged facts of Plaintiff's Complaint.

7.     Defendants admit that Plaintiff is attempting to assert a Securities Act Violation and RICO claim, but deny that the transaction was a violation of the Securities Act, and further that said transaction by Statute is exempt from the Securities Act. Further, deny that Plaintiff has plead a prima facie case and/or that Defendants are liable for claims as alleged in Paragraph 7 of Plaintiff's Complaint.

8.     Defendants admit that only if Plaintiff has brought a proper RICO or Securities Act claim, there is federal question jurisdiction as alleged in Paragraph 8 of Plaintiff's Complaint.

9.     Defendants deny violations occurred, otherwise Defendants admit the averments contained in Paragraph 9. of Plaintiff's Complaint.

10.     Defendants denies the averments contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants denies that the Southern District of Texas is one of the District's in which this suit could have been filed as averred in Paragraph 11 of Plaintiff's Complaint; because this suit arises out of an attorney client fee agreement as asserted in Paragraph 29, et al of Plaintiff's Complaint and that document specifically states: "This agreement is made as of the ___ day of March, 2004 in Dallas County, Texas," by and between Plaintiff, Clark and the Trust.  However, if the Court does determine that it has jurisdiction and venue, it is not a forum of convenience for any of the parties, in that all of the parties, except for Liedtke, who resides outside of Texas, reside and work in the

Metroplex located in the Northern District of Texas, that the transaction complained of arose out of an oil and gas lease exchange that was located in the Northern District of Texas, and it would save substantial cost of litigation to transfer this suit to the Northern District of Texas.

12.     Defendants admit the averments contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants admit the averments contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the date and legal description, but admits that the Trust did acquire oil and gas leases in Anderson County, Texas.

15.      Defendants the date and legal description, but admits that the Trust did acquire surface rights to certain lands in Anderson County, Texas.

16.     Defendants admit the averments contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit the averments contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants admit the averments contained in Paragraph 17 of Plaintiff's Complaint.

19.     Defendants admit the averments contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants admit the averments contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants admit the averments contained in Paragraph 21 of Plaintiff's

Complaint.

22.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants admit the averments contained in Paragraph 23 of Plaintiff's Complaint, except that Defendants do not know the exact date.

24.     Defendants deny the averments contained in Paragraph 24 of Plaintiff's Complaint, but admit that a similar offer was verbally made by B. Knollenberg at some date prior to the agreement reached in Paragraph 23 of Plaintiff's Complaint.

25.     Defendants deny the averments contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants admit the averments contained in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants admit the averments contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendants admit the averments contained in Paragraph 28 of Plaintiff's Complaint, except Clark signed on April 6, 2004.

29.     Defendants admit the averments contained in Paragraph 29 of Plaintiff's Complaint, but asserts that the entire initial paragraph in the Fee Agreement reads as follows:

"This agreement is made as of this _____ day of March, 2004, in Dallas County, Texas by and between John S. Clark, individually and as trustee of the John S. and Loretta J. Clark Trust ("Client") and Robert A. Brunig, individually and doing business as Brunig & Associates ("Attorney").

30.     Defendants admit the averments contained in Paragraph 30 of Plaintiff's Complaint, but asserts that the entire Fee Agreement reads as follows:

## "ATTORNEY CONSULTATION AND FEE AGREEMENT FOR CONTINGENCY CASE

STATE OF TEXAS

          KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF DALLAS
:

  This agreement is made as of this ___ day of March, 2004, in Dallas County, Texas, by and between John S. Clark, individually and as trustee of the John S. and Loretta J. Clark Trust ("Client") and Robert A. Brunig, individually and doing business as Brunig & Associates ("Attorney"):

  In consideration of the mutual promises herein contained, the Client and Attorney agree as follows:

### I.  PURPOSE OF REPRESENTATION

  1.01. Client hereby retains and employs Attorney to sue for and recover all damages and compensation to which Client may be entitled as well as to compromise and settle all claims arising out of Client's dealings with Donald Douglas, Cheryl Douglas, Caddo Creek Production, Inc. (and any and all other entities controlled by Donald Douglas and involved in the transactions at issue), Tracy D. Johnson, Tracy D. Johnson Trust, T. Johnson, Ltd., any and all other entities controlled by Tracy D. Johnson and involved in the transactions at issue, Billy G. Patrick, Netta Joyce Patrick, any and all other entities controlled by Billy G. Patrick and involved in the transactions at issue, William Knollenberg, any and all other entities controlled by William Knollenberg and involved in the transactions at issue, Don H. Wilson, Don H. Wilson, Inc., any and all entities controlled by Don H. Wilson and involved in the transactions at issue, Clint McBay, Lockout Corporation and any and all entities controlled by Clint McBay and involved in the transactions at issue.

### II.  ATTORNEY'S FEE

  2.01. In consideration of services rendered and to be rendered by Attorney, Client hereby agrees to pay to Attorney (a)(i) thirty-three (33%) percent of all monies and other payment or property (including the value of all property whose title is cleared and returned to Client) collected prior to the filing of a lawsuit, (ii) thirty-six (36%) percent of all monies and other payment or property (including the value of all property whose title is cleared and returned to Client) after the filing of a lawsuit but prior to the filing of any appeal and (iii) forty (40%) percent of all monies and other payment or property (including the value of all property whose title is cleared and returned to Client) if collected after said filing of an appeal and (b) any and all attorney's fees and costs awarded by a court.  If a claim of cause of action is such that the fee payable to an attorney is set or limited by law, the amount payable to Attorney shall be so limited.

  2.02 Client and Attorney agree that, but for the contingent fee agreement described in paragraph 2.01, the reasonable value of Attorney's services would be no less than Three Hundred Fifty and no/100 ($350.00) per hour.

  2.03 In addition the attorney's fees described in paragraphs 2.02 and 2.03, at the time of resolution of the lawsuit (or a portion thereof), Client hereby agrees to pay to Attorney all costs, disbursements and expenses, as described in Section VI.

### III.  ASSIGNMENT OF INTEREST

3.01.   In consideration of Attorney's services, Client hereby sells, conveys and assigns to Attorney an interest, to the extent herein indicated in Section II, to Client's claim and cause of action, and in any action, compromise, settlement, judgment, payment of services, profits or recovery thereon.

3.02.   All sums and property that may come due and payable under this contingency fee agreement, are to be paid at Attorney's office in Tarrant County, Texas, or such other location as Attorney may choose.

## IV.   APPROVAL NECESSARY FOR SETTLEMENT

4.01.   Attorney is hereby authorized to enter into any and all settlement negotiations on behalf of Client as Attorney may deem appropriate.

4.02.   Client hereby grants unto attorney a power of attorney to handle possession of any and all monies or other things of value subject of the matter due to the client under this claim as fully as the client could do so in person.

        a.   This expressly includes the right to endorse Client's name on and to any drafts, money orders, cashier's checks, checks or other negotiable instruments made payable to Attorney and Client, to Attorney or to Client without the joinder of the Attorney, submitted to Attorney on behalf of Client in full or partial settlement of this case.

        b.   This limited power of attorney authorizes Attorney to place these monies in Attorney's trust account and from that trust account, to make distributions and payments to Attorney for the agreed-to fee stated above, reimbursement to attorney for any and all expenses incurred by Attorney in handling the case, payments to Client of client's interest in the monies and property recovered and payments to parties other than Client and Attorney for their services performed, fees charged or bills rendered in connection with representing Client, including but not limited to court reporter fees, deposition fees, investigative services, costs of exhibits or other special expenses incurred by Attorney on behalf of Client.

4.03.   No settlement of any nature shall be made with respect to any claim or cause of action of Client *without the complete approval of Client*, and Client shall not attempt to negotiate any settlement or accept any compromise without the involvement of Attorney.

4.04.   Attorney is hereby granted a limited power of attorney so that he may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation including settlement and/or reduce to possession any and all monies or other things of value due to the Client under this claim as fully as the Client could do so in person.

## V.   REPRESENTATIONS

5.01.   It is understood and agreed that Attorney cannot warrant or guarantee the outcome of the case and Attorney has not represented to Client that Client will recover all or any of the funds so desired.  Client has been informed and understands that obtaining a judgment does not guarantee that an opposing party will be able to satisfy the judgment or that Client will be able to collect any or all monies awarded to Client.

## VI.   EXPENSES

6.01   All reasonable costs, disbursements and expenses incurred by Attorney in the handling of this matter shall be deducted from the gross settlement proceeds at the time the case (or a portion thereof) is settled or resolved.

6.02   The costs, disbursements and expenses contemplated include, but are not

limited to, out-of-pocket expenses incurred in connection with Client's lawsuit (and preparation therefor), including by way of example the following: filing fees, court costs, certified copies of documents, pleadings, orders, etc., transcripts, depositions, duplication costs (at $0.15 per page or at cost paid to outside vendor), express delivery charges, photographs, trial exhibits, long distance telephone and facsimile tolls, appraisal fees, fees charged by consultants, expert witnesses and others associated with preparation and trial testimony, investigation fees, parking fees, road tolls and mileage expenses (at the IRS business rate), out-of-town expenses, including airfare, hotels, baggage handling and meals, and other expenses incurred in connection with the matter.

## VII.    ASSOCIATED INDIVIDUALS

7.01    Attorney has informed Client and Clients understands and consents to Attorney's associating Michael P. Kelly to assist in the preparation and trial of the lawsuit.

7.02    Attorney has informed Client and Clients understands and consents to Attorney's use of one or more associate attorneys, paraprofessionals, secretaries and clerks, all under Attorney's overall supervision.

## VIII.   CONSULTING AND COOPERATION

8.01    Attorney agrees to advise Client periodically concerning the progress of the lawsuit and to consult with Client concerning strategic options.

8.02    Client agrees to respond promptly to requests for information, to provide all documents that may be relevant and/or required, to consult with Attorney in preparation for deposition and trial testimony and to inform Attorney promptly of all travel plans and of any change in mailing address or telephone number.

BRUNIG & ASSOCIATES

By
_____
____
         Robert A. Brunig
_____
         John S. Clark
Individually and as Trustee of
JOHN S. & LORETTA J. CLARK
         TRUST"

31.    Defendants have no factual information to either admit or deny the

averments contained in Paragraph 31 of Plaintiff's Complaint as to what B Knollenberg

caused, but does admit that Clark and the Trust were sued in the styled and numbered

cause set forth.

32.    Defendants admit the averments contained in Paragraph 32 of Plaintiff's

Complaint.

33.     Defendants admit the averments contained in Paragraph 33 of Plaintiff's
Complaint except as to the legal description which Defendants deny.

34.     Defendants admit the averments contained in Paragraph 34 of Plaintiff's
Complaint.

35.     Defendants admit the averments contained in Paragraph 35 of Plaintiff's
Complaint

36.     Defendants admit the averments contained in Paragraph 36 of Plaintiff's
Complaint.

37.     Defendants deny the averments contained in Paragraph 37 of Plaintiff's
Complaint.

38.     Defendants deny the averments contained in Paragraph 38 of Plaintiff's
Complaint.

39.     Defendants admit the averments contained in Paragraph 39 of Plaintiff's
Complaint.

40.     Defendants have no factual information to either admit or deny the
averments contained in Paragraph 40 of Plaintiff's Complaint as Plaintiff never provided
his client with a copy of the Court's Order.

41.     Defendants deny the averments contained in Paragraph 41 of Plaintiff's
Complaint as to Clarks ability or willingness, and have no factual information to either
admit or deny that a bond was posted.

42.     Defendants have no factual information to either admit or deny the

averments contained in Paragraph 42 of Plaintiff's Complaint; however, Defendants acknowledge that Gulfmark resumed payments.

43.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 43 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the Court Document.

44.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 44 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the Court Document.

45.     Defendants admit the averments contained in Paragraph 45 of Plaintiff's Complaint, but neither Plaintiff nor Michael P. Kelly advised Clark of the consequences of such litigation.

46.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 46 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the Court Document; however Defendants admit that Clark was advised that a temporary restraining order was granted.

47.     Defendants deny the averments contained in Paragraph 47 of Plaintiff's Complaint as to Clark's ability or willingness, and have no factual information to either admit or deny that a bond was posted.

48.     Defendants admit the averments contained in Paragraph 48 of Plaintiff's Complaint, except that the date was September 9, 2005.

49.     Defendants have no factual information to either admit or deny the

averments contained in Paragraph 49 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the Court Document; however Plaintiff told you he had obtained a preliminary injunction.

50.     Defendants admits the averments contained in Paragraph 50 of Plaintiff's Complaint, however the legal description in the affidavit is not the proper description of the property.

51.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 51 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the check.

52.     pull up letter from docs, BUT ADMIT

53.     Defendants admits that Clark authored the letter to Plaintiff but that Clark was relying upon his attorney to interpret the contract between them and denies that it was Clark's only dispute with Plaintiff in the averments contained in Paragraph 53 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the Court Document.

54.     review LETTER FROM JOHN

55.     Defendants deny that CPLI was a client of Plaintiff, and although Clark and the Trust had disputes with Plaintiff, they were afraid to voice their disputes at the time since Plaintiff has induced them to sign a power of attorney and controlled the litigation and all the funds, so Defendants deny the averments contained in Paragraph 55 of Plaintiff's Complaint but admit that the funds were disbursed.

56.     Defendants have no factual information to either admit or deny the

averments contained in Paragraph 56 of Plaintiff's Complaint but admits that Clark did authorize the disbursements although Clark never received a copy of the check or the funds and understands that the funds were later withdrawn by Plains.

57.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 57 of Plaintiff's Complaint

58.     Defendants denies the averments contained in Paragraph 56 of Plaintiff's Complaint; however, tank battery and other improvements were made on the basis of recommendations made by M. Wilson, who at the time was a contract laborer or employee of Plaintiff and/or Michael Kelly and under their supervision.

59     Defendants admit the averments contained in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants admit the averments contained in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants admit the averments contained in Paragraph 61 of Plaintiff's Complaint.

62.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 62 of Plaintiff's Complaint, but specifically denies that Clark authorized these specific disbursements.

63.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 63 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the Court Document.

64.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the averments contained in Paragraph 66 of Plaintiff's Complaint, as there was no sale of production on the lease from April of 2006 until August of 2006 when payment was continued.  At no time was payment stopped when production was occurring.

67.     Defendants have no factual information to either admit or deny the averments contained in Paragraph 67 of Plaintiff's Complaint as Plaintiff never provided his client with a copy of the Court Document.

68.     Defendants admits the averments contained in Paragraph 68 of Plaintiff's Complaint except that Defendants do not know if it was Judge Parsons.

69.     Defendants admit the averments contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny the averments contained in Paragraph 70 of Plaintiff's Complaint, and CPLI received check # 00437641 from Plains Marketing, L.P., in the amount of $14,788.78 dated September 20, 2006 for September Production and check # 00437209 from Plains Marketing, L.P. in the amount of $17,488.28 dated September 20, 2006 for August Production.

71.     Defendants deny the averments contained in Paragraph 56 of Plaintiff's Complaint.

72.     Defendants admit the averments contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants admit the averments contained in Paragraph 73 of Plaintiff's

Complaint.

74.     Defendants admit the averments contained in Paragraph 74 of Plaintiff's Complaint, but asserts that this is only a portion of the letter.

75.     Defendants deny the averments contained in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants admit the averments contained in Paragraph 76 of Plaintiff's Complaint.

77.     Defendants object to statement as self serving and a conflict of interest, but admits that such an email was received by Clark as averred in Paragraph 77 of Plaintiff's Complaint.

78.     Defendants object to statement as self serving and a conflict of interest, but admits that such an email was received by Clark as averred in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants object to statement as self serving and a conflict of interest, but admits that such an email was received by Clark as averred in Paragraph 79 of Plaintiff's Complaint.

80. Defendants object to statement as self serving and a conflict of interest, but admits that such an email was received by Clark as averred in Paragraph 80 of Plaintiff's Complaint.

81. Defendants object to statement as self serving and a conflict of interest, but admits that such an email was received by Clark as averred in Paragraph 81 of Plaintiff's Complaint.

82. Defendants object to statement as self serving and a conflict of interest,

but admits that such an email was received by Clark as averred in Paragraph 82 of Plaintiff's Complaint.

83. Defendants object to statement as self serving and a conflict of interest, but admits that such an email was received by Clark as averred in Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the averments contained in Paragraph 84 of Plaintiff's Complaint and assert that such averment is in conflict with the alleged facts contained in Paragraph 75 of Plaintiff's Complaint.

85. Defendants object to statement as self serving and a conflict of interest, but admits that such a conversation took place but states that Clark would not accept the offer without being compensated for the investment made to continue the operations, as averred in Paragraph 85 of Plaintiff's Complaint.

86. Defendants object to statement as self serving and a conflict of interest, and denies such statements as averred in Paragraph 86 of Plaintiff's Complaint.

87. Defendants admit the averments contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendants admit the averments contained in Paragraph 88 of Plaintiff's Complaint, but does not contain the complete text of the settlement agreement.

89. Defendants admit the averments contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendants admit the averments contained in Paragraph 90 of Plaintiff's Complaint, but that the documents were signed on February 28, 2007.

91. Defendants admit the averments contained in Paragraph 91 of Plaintiff's

Complaint.

92.     Defendants deny the averments contained in Paragraph 92 of Plaintiff's Complaint.

93.     Defendants admit the averments contained in Paragraph 93 of Plaintiff's Complaint.

94.     Defendants admit the averments contained in Paragraph 94 of Plaintiff's Complaint.

95.     Defendants deny the averments contained in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants admits the averments contained in Paragraph 96 of Plaintiff's Complaint, except that Michael T. Wilson did not follow the directions of Clark.

97.     Defendants admits the averments contained in Paragraph 97 of Plaintiff's Complaint, except that Michael T. Wilson did not follow the directions of Clark.

98.     Defendants admits the averments contained in Paragraph 98 of Plaintiff's Complaint, except that Michael T. Wilson did not follow the directions of Clark.

99.     Defendants admits the averments contained in Paragraph 99 of Plaintiff's Complaint, except that the truth of the statements as to value in the email are false.

100.    Defendants deny the averments contained in Paragraph 100 of Plaintiff's Complaint.

101.    Defendants admits the averments contained in Paragraph 101 of Plaintiff's Complaint.

102.    Defendants have no factual information to either admit or deny the averments contained in Paragraph 102 of Plaintiff's Complaint.

103.    Defendants have no factual information to either admit or deny the averments contained in Paragraph 103 of Plaintiff's Complaint.

104.    Defendants admit the averments contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendants admit the averments contained in Paragraph 105 of Plaintiff's Complaint., except that Wilson filed the assignments for himself and nott under the direction of Clark or the Trust.

106.    Defendants admit the averments contained in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants admit the averments contained in Paragraph 107 of Plaintiff's Complaint.

108.    Defendants admit the averments contained in Paragraph 108 of Plaintiff's Complaint.

109.    Defendants admit the averments contained in Paragraph 109 of Plaintiff's Complaint.

110.    Defendants admit the averments contained in Paragraph 110 of Plaintiff's Complaint.

111.    Defendants admit the averments contained in Paragraph 111 of Plaintiff's Complaint.

112.    Defendants object to statement as self serving and a conflict of interest, and denies such statements as averred in Paragraph 112 of Plaintiff's Complaint, except that Clark received the letter, which is not quoted in full in this Complaint.

113.    Defendants admit the averments contained in Paragraph 113 of Plaintiff's

Complaint.

114.   Defendants are not required to answer the averments contained in Paragraph 114 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 113.

115.   Defendants deny the averments contained in Paragraph 115 of Plaintiff's Complaint.

116.   Defendants deny the averments contained in Paragraph 116 of Plaintiff's Complaint.

117.   Defendants deny the averments contained in Paragraph 117 of Plaintiff's Complaint.

118.   Defendants are not required to answer the averments contained in Paragraph 118 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 117.

119.   Defendants deny the averments contained in Paragraph 119 of Plaintiff's Complaint.

120.   Defendants deny the averments contained in Paragraph 120 of Plaintiff's Complaint.

121.   Defendants deny the averments contained in Paragraph 121 of Plaintiff's Complaint.

122.   Defendants are not required to answer the averments contained in Paragraph 122 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 121.

123.   Defendants deny the averments contained in Paragraph 123 of Plaintiff's

Complaint.

124.    Defendants deny the averments contained in Paragraph 124 of Plaintiff's Complaint.

125.    Defendants deny the averments contained in Paragraph 125 of Plaintiff's Complaint.

126.    Defendants are not required to answer the averments contained in Paragraph 126 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 125.

127.    Defendants deny the averments contained in Paragraph 127 of Plaintiff's Complaint.

128.    Defendants deny the averments contained in Paragraph 128 of Plaintiff's Complaint.

129.    Defendants deny the averments contained in Paragraph 129 of Plaintiff's Complaint.

130.    Defendants deny the averments contained in Paragraph 130 of Plaintiff's Complaint.

131.    Defendants deny the averments contained in Paragraph 131 of Plaintiff's Complaint.

132.    Defendants deny the averments contained in Paragraph 132 of Plaintiff's Complaint.

133.    Defendants are not required to answer the averments contained in Paragraph 133 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 132.

134.    Defendants deny the averments contained in Paragraph 134 of Plaintiff's Complaint.

135.    Defendants deny the averments contained in Paragraph 135 of Plaintiff's Complaint.

136.    Defendants deny the averments contained in Paragraph 136 of Plaintiff's Complaint.

137.    Defendants deny the averments contained in Paragraph 137 of Plaintiff's Complaint.

138.    Defendants deny the averments contained in Paragraph 138 of Plaintiff's Complaint.

139.    Defendants deny the averments contained in Paragraph 139 of Plaintiff's Complaint.

140.    Defendants deny the averments contained in Paragraph 140 of Plaintiff's Complaint.

141.    Defendants deny the averments contained in Paragraph 141 of Plaintiff's Complaint.

142.    Defendants deny the averments contained in Paragraph 142 of Plaintiff's Complaint.

143.    Defendants deny the averments contained in Paragraph 143 of Plaintiff's Complaint.

144.    Defendants deny the averments contained in Paragraph 144 of Plaintiff's Complaint.

145.    Defendants deny the averments contained in Paragraph 145 of Plaintiff's

Complaint.

146.     Defendants are not required to answer the averments contained in Paragraph 146 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 145.

147.     Defendants deny receiving funds from Gulfmark, as all such funds were delivered to Plaintiff, otherwise Defendants admit the averments contained in Plaintiff's Complaint, Paragraph 147.

148.     Defendants admit the averments contained in Paragraph 148 of Plaintiff's Complaint.

149.     Defendants deny the averments contained in Paragraph 149 of Plaintiff's Complaint.

150.     Defendants are not required to answer the averments contained in Paragraph 150 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 149.

151.     Defendants deny the averments contained in Paragraph 151 of Plaintiff's Complaint.

152.     Defendants deny the averments contained in Paragraph 152 of Plaintiff's Complaint.

153.     Defendants deny the averments contained in Paragraph 153 of Plaintiff's Complaint.

154.     Defendants deny the averments contained in Paragraph 154 of Plaintiff's Complaint.

155.     Defendants deny the averments contained in Paragraph 155 of Plaintiff's

Complaint.

156.    Defendants deny the averments contained in Paragraph 156 of Plaintiff's

Complaint.

157.    Defendants are not required to answer the averments contained in

Paragraph 157 of Plaintiff's Complaint, however Defendants incorporate their answers to

Paragraphs 1 through 156.

158.    Defendants deny the averments contained in Paragraph 158 of Plaintiff's

Complaint.

159.    Defendants deny the averments contained in Paragraph 159 of Plaintiff's

Complaint.

160.    Defendants deny the averments contained in Paragraph 160 of Plaintiff's

Complaint.

161.    Defendants deny the averments contained in Paragraph 161 of Plaintiff's

Complaint.

162.    Defendants deny the averments contained in Paragraph 162 of Plaintiff's

Complaint.

163.    Defendants deny the averments contained in Paragraph 163 of Plaintiff's

Complaint.

164.    Defendants are not required to answer the averments contained in

Paragraph 164 of Plaintiff's Complaint, however Defendants incorporate their answers to

Paragraphs 1 through 163.

165.    Defendants deny the averments contained in Paragraph 165 of Plaintiff's

Complaint.

166.    Defendants deny the averments contained in Paragraph 166 of Plaintiff's Complaint.

167.    Defendants deny the averments contained in Paragraph 167 of Plaintiff's Complaint.

168.    Defendants are not required to answer the averments contained in Paragraph 168 of Plaintiff's Complaint, however Defendants incorporate their answers to Paragraphs 1 through 167.

169.    Defendants deny the averments contained in Paragraph 169 of Plaintiff's Complaint.

170.    Defendants deny the averments contained in Paragraph 170 of Plaintiff's Complaint.

171.    Defendants deny the averments contained in Paragraph 171 of Plaintiff's Complaint.

172.    Defendants deny the averments contained in Paragraph 172 of Plaintiff's Complaint.

173.    Defendants deny the averments contained in Paragraph 173 of Plaintiff's Complaint.

174.    Defendants deny the averments contained in Paragraph 174 of Plaintiff's Complaint.

175.    Defendants admit that the Plaintiff is seeking the relief listed in Paragraphs A through G, but deny that Plaintiff is entitled to the relief for which he prays, and that Plaintiff has in fact miscalculated his right to recovery under the contingency fee agreement and has been over compensated.

176.    Any other allegations or averments not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims against CPLI and Liedtke may be barred in whole or in part because Liedtke did not act in an individual capacity or basis and neither had a contractual obligation to Plaintiff.

2.    Plaintiff's claims against Defendants are barred under the doctrine of accord and satisfaction, in that Plaintiff has executed an agreement wherein he accepted the assignment of the 40 percent working interest in exchange for his contingency fee.

3.    Plaintiff's claims against Defendants must be offset by the amount that Plaintiff is actually entitled to be compensated under his fee agreement, in that Clark and the Trust agreed to the assignment of the 40% working interest because of the legal counsel of Plaintiff who was in a fiduciary relationship with Clark and the Trust and but for the duress caused by Plaintiff to force a sale and compromise, Clark and the Trust would not have entered into the agreement to trade leases and give an assignment of interest that exceeded what was owed to Plaintiff by the fee agreement.

4.    Plaintiff's claims against Defendants are barred by the doctrine of estoppel.

5.    Plaintiff's claims against Defendants must be denied because of a failure of consideration, in that Plaintiff and Clark and the Trust entered into a Contingency Fee Agreement in which Plaintiff gave himself a power of attorney.  Said Contingency Fee had a graduated percentage of pay for Plaintiff based upon the level of Court representation.  Plaintiff, in order to enhance his percentage and amount, filed a

Counterclaim in the Anderson County lawsuit to bring in the title to the entire property, as opposed to only the five well sites that were at issue. Then Plaintiff in order to enhance his percentage and amount of real estate title placed in dispute, advised Clark and the Trust that they needed to file a federal RICO and Securities Violation lawsuit, similar to this lawsuit, which the Court found was without merit and dismissed. Plaintiff then on the authority of his power of attorney appealed the Federal District Court's ruling so that Plaintiff could increase his percentage to 40 percent. Immediately after maximizing the amount he could recover under the fee agreement, Plaintiff recommended a settlement, which recovered nothing for Clark and the Trust, but according to Plaintiff allowed Plaintiff to claim 40 percent of the Trust assets. Clark and the Trust received nothing, and in fact expended funds to save the assets of the Trust, which Plaintiff does not acknowledge should offset any claims he has to the Trust assets.

6.      Plaintiff advised Clark and the Trust that they needed to file a Federal RICO and Securities Violation lawsuit, when, as he so clearly states in his Complaint that he is an experienced and expert in Securities litigation, knew or reasonable should have known that such a lawsuit had no merit. Clark and the Trust relied upon Plaintiff's false statements to their detriment, and but for such assurances from Plaintiff would not have pursued the lawsuit, and that same constitutes fraud on the part of Plaintiff.

7.      Plaintiff has waived his claims.

## GENERAL DENIAL

Defendants deny the allegations of Plaintiff's Complaint, and demand strict proof thereof.

## PRAYER

Wherefore, premises considered, Defendants pray that Plaintiff's Complaint in all things

be denied.

Respectfully submitted,

_____

Ron S. Galloway
Texas Bar #07594000
13538 Method St.
Dallas, TX 75243
972-690-6690
FAX 972-690-6585
Ronlaw1@msn.com