```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

ROBERT A. BRUNIG, individually and §
doing business as Brunig & Assoc., §
                                   §
     Plaintiff                     §
                                   §
v.                                 §   CIVIL ACTION NO. H-07-1644
                                   §
JOHN S. CLARK, individually and as §
trustee of the John S. and Loretta §
J. Clark Trust; JOHN S. AND        §
LORETTA J. CLARK TRUST; CLARK      §
PETROLEUM & LAND, INC., a Texas    §
Corporation; BARBARA R. LEIDTKE;   §
and JOHN DOE,                      §
                                   §
     Defendants.                   §

## ORDER ON SANCTIONS

Plaintiff, an attorney proceeding *pro se*, filed the instant action on May 15, 2007, alleging violations of Section 12(a)(2) of the Securities Act, Section 10(b) of the Exchange Act, SEC Rule 10b-5, RICO, and additional state law claims of fraud, breach of contract, accounting, conversion, and civil conspiracy.[1] Defendants responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff failed to state a cause of action upon which relief could be granted and that Defendants had not been served in compliance with the Federal Rules of Civil Procedure.[2]

---

[1] See Complaint, Docket Entry No. 1, p. 1.

[2] See Defendant's Motion to Dismiss, Docket Entry No. 11, p. 2. Defendants have since abandoned their motion to dismiss for lack of proper service. See Minute Entry Order dated September 6, 2007, Docket Entry No. 32; Hearing on September 6, 2007.

On September 6, 2007, the court held oral argument on Defendants' Motion to Dismiss. The court informed Plaintiff that if it found that his lawsuit was frivolous and without legal support, it would consider sanctions pursuant to Rule 11. Plaintiff took no action to amend his complaint.

For reasons outlined in detail in its Memorandum and Recommendation,[3] the court recommended that Defendants' motion to dismiss be granted and that sanctions pursuant to Rule 11 be imposed against Plaintiff. See Fed. R. Civ. P. 11(c)(1)(B).[4] The court also found that the imposition of reasonable attorney's fees and expenses has been deemed the "least severe sanction for a lawsuit that is wholly frivolous," Mercury Air Group, Inc., v. Mansour, 237 F.3d 542, 548 (5th Cir. 2001), and, therefore, was the appropriate sanction in the instant case.

Subsequent to the issuance of the court's opinion, Defendants filed a motion for sanctions.[5] In that motion, Defendants seek $72,765.99 in legal fees as an appropriate sanction for Plaintiff's violation of Rule 11. That figure represents the amount billed by Defendants' counsel dating from the Defendants' receipt of a demand letter from Plaintiff through September 27, 2007. While the court

---

[3] Memorandum and Recommendation ("M & R"), Docket Entry No. 33, p. 24.

[4] In the court's M & R, it stated, "The court previously warned Plaintiff that he may be subject to sanctions under Rule 11, but Plaintiff has taken no action to amend his pleadings. If Plaintiff chooses to show cause why sanctions may not be warranted in this case, he may do so in his objections." Id.

[5] Defendants' Motion for Sanctions, Docket Entry No. 34.

agrees in theory with Defendants' argument that an appropriate sanction for filing a frivolous lawsuit would be to require reimbursement for all legal fees incurred as a result of that lawsuit's filing, in this case, the amounts billed show both a lack of billing judgment and/or lack of adequate factual support for certain hours billed.  Additionally, as there is no explanation provided for the large number of paralegal hours billed to this file, the court will not consider those fees as part of a Rule 11 sanction.  Accordingly, the court must make a more precise inquiry into the hours reasonably expended by Defendants' counsel.

Hourly Rate

Plaintiff objected to the hourly rate claimed by Defendants' counsel on the ground that $350 per hour is not the prevailing rate in either Houston, Texas, or Dallas, Texas, and that defense counsel's forty years experience in general litigation practice did not justify such a billing rate.  Plaintiff offered no expert testimony on this point, other than his own opinion.  Plaintiff admitted that he billed at $350 per hour but considered that this rate was justified by his extensive experience in securities litigation.

The court finds, in the absence of evidence to the contrary, that $350 per hour is an appropriate rate for sanctions in this case.

Hours Expended

In April and May, 2007, Defendants' counsel billed 18.1[6] hours of attorney time in response to Plaintiff's pre-lawsuit demand letter.  This time included client meetings, reviews of documents received from Plaintiff and the client, as well as time spent initiating correspondence and telephone calls to Plaintiff.  Although this time was expended prior to the initiation of this lawsuit, it was prompted by Plaintiff's demand letter.  Because the Defendants have not attached the demand letter to their motion for sanctions, the court cannot determine if Plaintiff was making claims on a basis that the court has determined to be legally frivolous or if the letter was a non-frivolous demand for payment of past-due attorneys fees based on contract law.  Accordingly, these fees cannot be included in a sanctions award.

This lawsuit was filed on May 15, 2007.  From that date through the end of May, Defendants' counsel billed 41.5 hours.  This involved review of the lawsuit, communications with the clients, review of documents from previous lawsuits, preparation of motions to dismiss and for sanctions.  While these are activities normally conducted after a lawsuit is filed, the number of hours billed appears excessive.  "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing

---

[6]   This is calculated by adding the 11.6 hours reflected on the April 2007, bill to the 7.1 hours reflected on the May 2007 bill that were incurred prior to the May 15, 2007, filing of the complaint.

judgment." Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996). Accordingly, the court reduces the claimed hours by twenty-five percent, a net of 31.12 hours.

In June 2007, Defendants' counsel billed 69.5 hours of attorney time. Much of this time involved preparation of an answer which was not necessary because Defendants had filed a motion to dismiss. Additionally, the court finds that sanctions are not appropriate for time spent on filing a *pro hac vice* motion. Time spent on review of Plaintiff's initial disclosures and motions was excessive and must be reduced. Only 26.4 hours of attorney time is compensable. That time will be reduced by twenty-five percent for lack of billing judgment, a net of 19.8 hours.

In July 2007, Defendants' counsel billed 26.2 hours of attorney time. Again, the court finds that time spent on preparation of an answer is not compensable. Review of documents and pleadings filed in the suit is compensable time, although excessive in light of the limited number of pages involved. Additionally, Plaintiff denies that he sent documents on several of the dates claimed by Defendants' counsel in his billing records. Defendants' counsel could not support his claims for these expenses with any explanation, so they will be disallowed. The court finds that Defendants' counsel spent 16.4 hours on compensable issues; however, because of the lack of billing judgment, the court reduces that time by twenty-five percent, a net of 12.3 hours.

In August 2007, Defendants' counsel billed 13.4 hours attorney time. He claimed to have received motions from Plaintiff on August 10 and 15, 2007, but Plaintiff denied sending any motions on those times and the court's file does not reflect that any were filed around that time. That time, a total of 4.4 hours, will be excluded; the court considers 9.0 hours compensable, but excessive. That time will be reduced by twenty-five percent for lack of billing judgment, a net of 6.75 hours.

In September 2007, Defendants' counsel billed 27 hours of attorney time. Plaintiff argues that the 11.2 hours claimed for the day counsel traveled by air from Dallas to Houston, Texas, for a hearing was not reasonable. The court agrees that spending 11.2 hours to attend a 2:00 p.m. hearing in Houston is excessive and, at the most, the round trip could have been accomplished within eight hours, door to door. The hours, now a net of 23.8, appear to reflect appropriate billing judgment and will not be reduced.

The total number of attorney hours attributable to the filing of this frivolous lawsuit is 93.77. Multiplying the number of hours by the hourly rate, the court finds that $32,819.50 is the amount of attorney's fees that should be awarded as a sanction for violation of Rule 11. In addition, Defendants have incurred expenses of $569.27 directly attributable to the filing of this suit.

Based on the foregoing, Rule 11 sanctions are imposed on

Plaintiff, Robert Brunig in the amount of $33,388.77.

**SIGNED** this 7th day of December, 2007.

Nancy K. Johnson
United States Magistrate Judge